IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Aristide Energy Corporation,<br>1300 Post Oak Blvd., Suite 1350<br>Houston, Texas 77056<br><br>      Plaintiff,<br>v.<br><br>Northstar Recycling Company, LLC,<br>c/o Corporation Service Company<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, Ohio 43221<br><br>      Defendant. | Case No. _____<br><br>**JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

Plaintiff Aristide Energy Corporation hereby submits the following Complaint.

### PARTIES

1.  Plaintiff Aristide Energy Corporation ("Aristide") is a Texas corporation with its principal place of business in Texas.

2.  Defendant Northstar Recycling Company, LLC ("Northstar") is a Massachusetts limited liability company with its principal place of business in Massachusetts.

### JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over Aristide's claims pursuant to 28 U.S.C. § 1332(a) because, upon information and belief, all of Northstar's members reside outside of Texas and there is complete diversity among the parties herein. Furthermore, the amount in controversy exceeds $75,000.00.

4.  The Court has personal jurisdiction over Northstar under Ohio Revised Code §2307.382(A)(1) and (2) because Aristide's claims pertain to Northstar transacting business with Aristide in Ohio and contracting to supply services or goods in Ohio.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

## GENERAL ALLEGATIONS

6. Aristide and Northstar have engaged in business in Ohio.

7. On Friday, January 28, 2022, Northstar contacted Aristide and requested that Aristide provide transportation and disposal of liquid chicken fat, which needed to be removed by the following day from one of Northstar's clients in Leipsic, Ohio.

8. Aristide quickly organized its team in Columbus, Ohio, to assess the opportunity.

9. Aristide specifically asked Northstar what the approximate volume guaranteed to Aristide would be, so that Aristide could assess the project's economics.

10. On January 28th, 2022, Jacey Hutchinson of Northstar emailed Aristide that the approximate guaranteed volume to Aristide was 104,000 gallons of liquid chicken fat and set forth the proposed pricing.

11. Aristide determined that the economics of mobilizing sufficient equipment in Columbus and driving to Leipsic would be profitable, given the volume of liquid chicken fat. As a result, Aristide informed Northstar that it accepted the job on the proffered terms and would transport the liquid chicken fat to its facility in Columbus, Ohio. Aristide also lined up a buyer to purchase the liquid chicken fat.

12. Northstar inquired whether Aristide would be willing to split or share the business with another service provider.

13. Aristide stated unequivocally that it was not willing to share or split the business with another service provider.

14. Aristide later sent its plant manager from Columbus to Northstar's client's facility in Leipsic (a three-hour drive) at 3:30 pm on Friday afternoon to assess the situation.

15. Aristide's logistics team searched late into the evening of January 28, 2022, for available equipment and available truckers willing to work the weekend to obtain the liquid chicken fat from Leipsic, Ohio.

16. On January 28, 2022, Northstar advised Aristide that one truck (from a third party) had already been loaded with the liquid chicken fat. Aristide requested that this load be delivered to Aristide's facility in Columbus. Northstar refused.

17. At 5:00 am, on Saturday, January 29, 2022, Aristide sent three trucks with frac tanks from Columbus to Leipsic to capture the remaining liquid chicken fat. Before Aristide's trucks arrived at the Leipsic facility, Northstar informed Aristide that other third-party trucks had been loading the liquid chicken fat throughout the night and that there was only a portion of the liquid chicken fat remaining at the Leipsic facility.

18. Aristide turned back one of the mobilized trucks, and subsequently loaded only 35,700 available gallons of the promised 104,000 gallons of liquid chicken fat from the Leipsic facility.

19. As a direct and proximate result of Northstar's conduct, Aristide suffered damages in the form of costs incurred for unnecessarily mobilizing truckers and equipment and lost profits on the remaining 68,300 gallons of the promised liquid chicken fat.

20. The amount of damages Aristide suffered as a result of Northstar's actions are in excess of $300,000.

**FIRST CLAIM FOR RELIEF**
**Breach of Contract**

21. Aristide re-alleges and incorporates the allegations set forth in the preceding paragraphs.

22. Aristide and Northstar entered into an agreement to transport liquid chicken fat.

23. Aristide performed all its obligations under the agreement or its obligations under the agreement were waived.

24. Northstar's conduct, as set forth herein, constitutes a breach of the implied duty of good faith and fair dealing.

25. Northstar also breached the agreement by, among other things, hiring or allowing another party to remove the liquid chicken fat that it had promised to Aristide, by failing to provide the promised volume of liquid chicken fat to Aristide, and by failing to act in good faith and deal fairly, honestly, and reasonably with Aristide.

26. As a direct and proximate result of Northstar's breach of the agreement, Aristide has suffered damages, both out-of-pocket damages and lost profits, in excess of $300,000.

## SECOND CLAIM FOR RELIEF
**Promissory Estoppel (In the Alternative to Aristide's Claim for Breach of Contract)**

27. Aristide re-alleges and incorporates the allegations set forth in the preceding paragraphs.

28. On January 28, 2022, Jacey Hutchinson, on behalf of Northstar, orally and by email made a clear and unambiguous promise to Austin Ferguson of Aristide, that Aristide had the exclusive right to collect approximately 104,000 gallons of liquid chicken fat from a facility located in Leipsic, Ohio.

29. It was reasonable and foreseeable for Aristide to rely upon Northstar's promise to allow Aristide the exclusive right to collect approximately 104,000 gallons of liquid chicken fat from a facility located in Leipsic, Ohio.

30. Aristide did reasonably rely on Northstar's promise that Aristide had the exclusive right to collect approximately 104,000 gallons of liquid chicken fat from a facility located in

4

Leipsic, Ohio by mobilizing equipment and truckers to leave Columbus, Ohio and drive to Leipsic, Ohio and making additional arrangements for the handling of the liquid chicken fat.

31. Aristide, after mobilizing its fleet from Columbus to Leipsic, discovered that Northstar broke its promise to Aristide for it to have the exclusive right to collect approximately 104,000 gallons of liquid chicken fat from a facility located in Leipsic, Ohio.

32. As a direct and proximate result of Northstar's broken promise, Aristide has suffered damages, both out-of-pocket damages and lost profits, in excess of $300,000.

## PRAYER FOR RELIEF

Aristide respectfully request that the Court enter judgment in its favor and against Northstar as follows:

a. An award of damages incurred as a result of Northstar's breach of the contract;

b. An award of damages arising under the claim for promissory estoppel;

c. An award of pre- and post-judgment interest, until the judgment is paid in full;

d. Aristide's costs and attorney fees; and

e. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Damion M. Clifford*
Damion M. Clifford (0077777)
(*Trial Attorney*)
Damien C. Kitte (0084057)
ARNOLD & CLIFFORD LLP
115 W. Main Street, 4th Floor
Columbus, Ohio 43215
Tele:   (614) 460-1600
Fax:    (614)4691093
Email: dclifford@arnlaw.com
           dkitte@arnlaw.com

-AND-

5

        CAMBRIDGE LAW LLC

        *s/ Reid J. Allred*
        Reid J. Allred (to be admitted *pro hac vice*)
        4610 S. Ulster Street, Suite 150
        Denver, Colorado 80237
        Telephone: 303.488.3338
        Facsimile:  303.488.3337
        reid@cambridgelawcolorado.com

        *Counsel for Plaintiff Aristide Energy Corporation*

## **JURY DEMAND**

Plaintiff Aristide Energy Corporation hereby demands a trial by jury on all counts of its Complaint so triable.

*/s/ Damion M. Clifford*
Damion M. Clifford
